UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFERY R. BURNETT,

    Plaintiff,

v.

Case No. 2:10-cv-361
HON. ROBERT HOLMES BELL

SAULT STE. MARIE
POLICE DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jeffery R. Burnett, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sault Ste. Marie Police Department and Unknown Parties, including the Chief of Police and staff at the Sault Ste. Marie Police Department, as well as the Lake Superior State University President, Librarian, and all library staff, including student library staff. For the reasons set forth below, the undersigned recommends dismissal of Plaintiff's complaint in its entirety.

Initially, the undersigned notes that Plaintiff has filed numerous civil cases in this court over the last ten years. The majority of these cases have been dismissed as frivolous:

1. *Burnett v. Quist, et al.*, No. 2:97-cv-322 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

2. *Burnett v. State of Michigan, et al.*, No. 2:97-cv-271 (W.D. Mich. 1997) (dismissed as frivolous on November 24, 1997).

3. *Burnett v. Doctoroff, et al.*, No. 2:97-cv-240 (W.D. Mich. 1997) (dismissed as frivolous on December 9, 1997).

4. *Burnett v. Brown, et al.*, No. 2:95-cv-46 (W.D. Mich. 1995) (dismissed as frivolous on March 28, 1995).

5. *Burnett v. McKeague*, No. 2:94-cv-355 (W.D. Mich. 1995) (dismissed as frivolous on March 23, 1995).

6. *Burnett v. Nelson, et al.*, No. 2:94-cv-354 (W.D. Mich. 1995) (dismissed as frivolous and failing to state a claim on February 28, 1995).

7. *Burnett v. Jones, et al.*, No. 2:94-cv-353 (W.D. Mich. 1995) (dismissed as frivolous on February 24, 1995).

8. *Burnett v. Greeley, et al.*, No. 2:94-cv-245 (W.D. Mich. 1994) (dismissed as frivolous on October 13, 1994).

9. *Burnett v. United States, et al.*, No. 2:94-cv-59 (W.D. Mich. 1994) (dismissed as frivolous on May 5, 1994).

10. *Burnett v. Riggle*, No. 2:93-cv-180 (W.D. Mich. 1993) (dismissed as frivolous on October 8, 1993).

11. *Burnett v. Michigan, et al.*, No. 2:93-cv-153 (W.D. Mich. 1993) (dismissed as frivolous on September 14, 1993).

12. *Burnett v. Chippewa County Bar Assoc., et al.*, No. 2:93-cv-152 (W.D. Mich. 1993) (dismissed as frivolous and lacking subject matter jurisdiction on August 23, 1993).

13. *Burnett v. Lake Superior State Univ., et al.*, No. 2:93-cv-119 (W.D. Mich. 1993) (dismissed as failing to state a claim upon which relief may be granted).

14. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

In addition, summary judgment and/or dismissal was granted to defendants in other cases filed by Plaintiff:

1. *Burnett v. Mulhauser*, No. 2:97-cv-161 (W.D. Mich. 1997).

2. *Burnett v. McDonald*, No. 2:97-cv-159 (W.D. Mich. 1997).

3. *Burnett v. Chippewa County Sheriff, et al.*, No. 2:93-cv-6 (W.D. Mich. 1994).

4. *Burnett v. Marquette General Hospital*, No. 2:97-cv-166 (W.D. Mich. 1998).

5. *Burnett v. Lindsay & Lindsay, LLP*, No. 2:97-cv-287 (W.D. Mich. 1998).

6. *Burnett v. Judicial Tenure Commission*, No. 2:97-cv-160 (W.D. Mich. 1998).

Finally, the undersigned notes that Plaintiff failed to prosecute at least two of the cases he filed:

1. *Burnett v. Ulrich, et al.*, No. 2:97-cv-253 (W.D. Mich. 1997) (dismissed for want of prosecution on October 6, 1997).

2. *Burnett v. Logsdon, et al.*, No. 2:93-mc-5 (W.D. Mich. 1993).

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). As in the related case in this court, *Burnett v. Chippewa County Sheriff's Dept., et al.*, 2:06-cv-164, the undersigned notes that Plaintiff's complaint in this case is largely incomprehensible. Plaintiff appears to be asserting in his complaint that he is being harassed by police and that his camera was improperly confiscated and that photos were removed from the camera. Plaintiff also claims that he is improperly being prevented from accessing the library at Lake Superior State University. Plaintiff does not specify any facts showing that his federal rights were violated by any of the named defendants.

Plaintiff alleges that on March 20, 2010, he was at the library at Lake Superior State University using a computer to upload a digital camera picture of his photo I.D. Michigan Driver's licence. Plaintiff states that GO DADDY.COM needed this as proof in order to reset his password for the web pages he had built on KING OF MAGICIANS.COM in memory of his uncle. After about 25 minutes, a city police officer arrived and asked Plaintiff if he was a student and if he owned

his own computer. Plaintiff replied in the negative. The officer then asked if Plaintiff had a digital camera, and Plaintiff answered that he did. The officer asked to see the camera and Plaintiff complied. The officer then looked at the photos. The officer then asked Plaintiff to come to the police station and Plaintiff agreed. When they arrived at the station, Plaintiff was told to write a statement. Plaintiff asked what kind of statement they wanted, and then was told that they did not need a statement. The officer then drove Plaintiff back to the library, where his vehicle was parked. Plaintiff states that the camera contained photos of himself, his son, and various swim wear models that he employed. Plaintiff seeks damages, as well as the right to use the library at Lake Superior State University again.

The undersigned recommends dismissal of Plaintiff's complaint because his allegations are vague and conclusory. Plaintiff's complaint does not allege that the named Defendants violated his rights under federal law. Moreover, there is no indication that the majority of the named Defendants ever had any contact with Plaintiff. Because Plaintiff has failed to allege any specific facts showing that Defendants violated his constitutional rights, the undersigned recommends that Plaintiff's complaint be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2011